Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_Middle_ District of _Pennslyvania_

_____ Division

|  |  |
|---|---|
| Daysean M. Henderson<br>_Plaintiff(s)_<br>_(Write the full name of each plaintiff who is filing this complaint._<br>_If the names of all the plaintiffs cannot fit in the space above,_<br>_please write "see attached" in the space and attach an additional_<br>_page with the full list of names.)_<br> -v- <br>Lawrence P. Mahally, et al.,<br>See Attached<br>_Defendant(s)_<br>_(Write the full name of each defendant who is being sued. If the_<br>_names of all the defendants cannot fit in the space above, please_<br>_write "see attached" in the space and attach an additional page_<br>_with the full list of names. Do not include addresses here.)_ | Case No. _____<br>_(to be filled in by the Clerk's Office)_<br><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>**FILED<br>SCRANTON**<br><br>AUG 2 2 2019<br><br>PER _____<br>DEPUTY CLERK |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Attachment
For

"Page 1 of 11"

Attachment For "Page 1 of 11"
  Defendant(s)


  Lawrence P. Mahally, et al.,
  George Miller
  Dr. Scott Prince
  Leah Martin
  Dipti Amin
  C.O. Owen
  Charlie McKeown
  Kirk Hughes Johnson

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                             Daysean M. Henderson

All other names by which
you have been known:
ID Number                                        MQ-9339
Current Institution                              State Correctional Institution Dallas
Address                                          1000 Follies Road
                                                 Dallas                    PA          18612
                                                    *City*              *State*         *Zip Code*

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
          Name                                   Lawrence P. Mahally
          Job or Title *(if known)*              Superintendent
          Shield Number                          N/A
          Employer                               State Correctional Institution Dallas
          Address                                1000 Follies Road
                                                 Dallas                    PA          18612
                                                    *City*              *State*         *Zip Code*
                                                 [X] Individual capacity   [X] Official capacity

Defendant No. 2
          Name                                   George Miller
          Job or Title *(if known)*              Deputy Superintendent
          Shield Number                          N/A
          Employer                               State Correctional Institution Dallas
          Address                                1000 Follies Road
                                                 Dallas                    PA          18612
                                                    *City*              *State*         *Zip Code*
                                                 [X] Individual capacity   [X] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
  Name                         Dr. Scott Prince
  Job or Title *(if known)*    Doctor / Med Tech
  Shield Number                N/A
  Employer                     STate Correctional Institution Dallas
  Address                      1000 Follies. Road
                               Dallas          PA        18612
                               *City*          *State*    *Zip Code*
                               [X] Individual capacity   [X] Official capacity

Defendant No. 4
  Name                         Leah Martin
  Job or Title *(if known)*    Health Care Administrator
  Shield Number                N/A
  Employer                     State Correctional Institution Dallas
  Address                      1000 Follies Road
                               Dallas          PA        18612
                               *City*          *State*    *Zip Code*
                               [X] Individual capacity   [X] Official capacity

                        see Attachment

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

  [ ] Federal officials (a *Bivens* claim)

  [X] State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

          See Attached

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Attachment
For
"I. B". "Page 3 of 11"

Attachment For "I.B." "Page 3 of 11"

Defendant NO. 5
  Name: Dipti Amin
  Job or Title (if Know): Dentist | Dental Tech
  Shield Number: N/A
  Employer: State Correctional Institution Dallas
  Address: 1000 Follies Road
            Dallas     PA     18612
                (Individual and official capacity)

Defendant NO. 6
  Name: C.O. Owen
  Job or title (if Known): Correctional Officer
  Shield Number: N/A
  Employer: State Correctional Institution Dallas
  Address: 1000 Follies Road
            Dallas     PA     18612
                (Individual and official capacity)

(continued)

(continued) Attachment For "I.B." "Page 3 of 11".

Defendant No. 7

Name: Charlie McKeown

Job or Title (if Known): Hearing Examiner

Shield Number: N/A

Employer: State Correctional Institution Dallas

Address: 1000 Follies Road

Dallas     PA     18612

(Individual and official Capacity)

Defendant No. 8

Name: Kirk Hughes Johnson

Job or Title (if Known): Oral Surgeon

Shield Number: N/A

Employer: Geisinger Wyoming Valley Medical Center

Address: 1000 East Mountain Blvd

Wilkes-Barre, PA, 18702

(Individual and official capacity)

Attachment
For
"II. B.   "Page 3 of 11"

Attachment for "II.B" "Page 3 of 11"

1.     Defendants  Lawrence P. Mahally, George Miller, Kirk Hughes Johnson, Leah Martin, Dr. Scott Prince, and Dipti Amin  having Knowledge of Plaintiff's serious medical needs yet delaying the removal of medical "Arch Bars" and screws from Plaintiff's gums for approximately 140 days before inflammation had set in; causing Plaintiff several months of excrusiating pain, unnecessary suffering, humiliation, mental despair and anguish as well, constitutes deliberate indifference to Plaintiff's serious medical needs and medical malpractice in violation of the Eighth Amendment to the United States Constitution.

(continued)

(continued) Attachment for "II.B" "Page 3 of 11"

2.     Defendants George Miller, Leah Martin, Dr. Scott Prince, and Dipti Amin deliberately delayed medical treatment to Plaintiff (i.e., timely removal of "Arch Bars" and screws from gums) in retaliation for Plaintiff filing grievances against medical staff (regarding dilatorious medical treatment); causing inflammation to Plaintiff's gums, months of unnecessary pain and suffering, mental anguish and despair as well constitutes retaliation in violation of the First Amendment to the United States Constitution.

3.     Defendants Lawrence P. Mahally, George Miller, Leah Martin, Dr. Scott Prince, Dipti Amin directed defendant C.O. Owen to serve Plaintiff with a fabricated misconduct in retaliation for the filing of grievances against medical staff

(continued)

(continued) Attachment for  "II. B" "Page 3 of 11"

regarding inordinate delay of medical treatment resulting in inflammation of Plaintiff's gums, months of unnecessary pain and suffering, mental despair and anguish as well constitutes retaliation in violation of the First Amendment to the United States Constitution.

4. Defendant Charlie McKeown found Plaintiff guilty of a fabricated/manufactured misconduct (completely devoid of any evidence to support charges) and sanctioning Plaintiff to 90 days in diciplinary segregation in retaliation for Plaintiff filing grievances against administrative and medical staff regarding deliberate delay of medical treatment resulting in inflammation of Plaintiff's gums, months of unnecessary pain and suffering, mental despair and anguish as well, constitutes retaliation in violation of the First Amendment to the United States Constitution

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attached

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [X] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Events giving rise to Plaintiff's claims arose at State Correctional Institution Dallas.

Events started in September of 2017 and are ongoing.

Attachment
FoR
"II . D"  "Page 4 of 11"

Attachment For "II.D." Page 4 of 11"

1. At all times mentioned in this complaint defendant Lawrence P. Mahally was the Superintendent at State Correctional Institution Dallas and acted under color of state law. Mahally, at all times mentioned, was legally responsible for the operation of SCI-Dallas and for the welfare of all inmates of that prison.

2. At all times mentioned in this complaint defendant George Miller was the Deputy Superintendent at State Correctional Institution Dallas and acted under color of state law. Defendant Miller was the assistant of Mahally and was also responsible for the operation of SCI-Dallas and for the welfare of all inmates of that prison.

3. At all times mentioned in this complaint defendant Leah Martin was the Health Care Administrator at State Correctional

(continued)

(continued) Attachment For "II. D" "Page 4 oF 11"

Institution Dallas. Leah Martin is
responsible for supervising nursing staff
and overseeing the operation of the
medical infirmary.

4.   At all times mentioned in this
complaint defendant Dr. Scott Prince was
a doctor/med tech at State Correctional
Institution Dallas and acted under the
color of State law. Dr. Scott Prince is
responsible for the medical care of inmates
at SCI-Dallas

5.   At all times mentioned in this complaint
defendant Dipti Amin was a dentist/dental
tech at State Correctional Institution
Dallas and acted under color of State law.
Amin is responsible for the dental care
of inmates at SCI-Dallas.

(continued)

(continued) Attachment For "II. D" "Page 4 of 11"

6.    At all times mentioned in this complaint
defendant C.O. Owen was a Correctional
Officer at State Correctional Institution
Dallas and acted under the color of state
law. C.O. Owen is responsible for the
care, custody, and control of inmates at
SCI-Dallas.

7.    At all times mentioned in this complaint
defendant Charlie McKeown was a
Hearing Examiner at State Correctional
Institution Dallas and acted under the
color of state law. McKeown is responsible
for holding diciplinary hearings and imposing
sanctions at SCI-Dallas

8.    At all times mentioned in this complaint
defendant Kirk Hughes Johnson was an
Oral surgeon at Geisinger Wyoming Valley
Medical Center and acted under the color
(continued)

(continued) Attachment For "II.D." "Page 4 of 11"

of state law. Johnson was responsible for preforming oral surgery, examinations, and providing diagnosis for patients.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

On or about September 4, 2017 at approx. 6:00 p.m. Continued into 2018

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attached

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See Attached

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See Attached

Attachment
For
"IV. D" "Page 5 of 11"

Attachment For "IV. D." Page 5 of 11"

1. Plaintiff is incarcerated in the Pennsylvania Department of Corrections at State Correctional Institution Dallas, 1000 Follies Road, Dallas PA 18612. From here on after the Pennsylvania Department of Corrections will be referred to as PA D.O.C and State Correctional Institution Dallas will be referred to as SCI-Dallas.

2. September 4, 2017 Plaintiff proceeded to yard at 6:00p.m. while at yard Plaintiff was playing basketball and was elbowed in the jaw by another inmate.

3. At approx. 7:30 p.m Plaintiff returned to housing unit "J." Plaintiff noticed sever pain in his entire jaw.

4. Plaintiff believed that the pain would subside, however on September 5, 2017 Plaintiff was unable to eat breakfast because of severe jaw pain.

5. September 11, 2017 Plaintiff notified officer O'neal (J-Block housing officer 2-10p.m shift) (continued)

(continued) Attachment For "IV.D" "Page 5 of 11"

of his jaw pain and was ordered to the medical infirmary

6. September 11, 2017 Plaintiff was examined by an unknown nurse at SCI-Dallas. Plaintiff explained his symptoms and informed the nurse that he was unable to fully open his jaw, could not chew food, and had pain.

7. September 11, 2017 SCI-Dallas medical department ordered an x-ray of Plaintiff's jaw. The x-ray results revealed a jaw fracture

8. On the afternoon of September 11, 2017 Plaintiff was transported to an area hospital in Wilkes-Barre PA for a CT SCAN. The results of the CT SCAN revealed an additional jaw fracture.

9. Plaintiff was issued a soft diet pass by SCI-Dallas medical staff and sent back to housing unit "J."

10. September 18, 2017 Plaintiff was examined by surgeon Kirk Hughes Johnson at Geisinger Wyoming Valley Medical Center, 1000 East Mountain Blvd, Wilkes-Barre PA 18711 (continued)

(continued) Attachment FoR "I.V. D" "Page 5 of 11"

Plaintiff agreed to recieved a plate in his chin and to have his jaw wired shut for 6-8 weeks.

11. Plaintiff did not have surgery to repair his multiple jaw fractures for approx. 16 days. During the delay of medical treatment Plaintiff experienced severe pain, suffering, and was unable to chew food.

12. September 25, 2017 Plaintiff underwent surgery at Geisinger Wyoming Valley Medical Center. Surgery was performed by defendant Kirk Hughes Johnson and assisted by Kayla Perez.

13. Plaintiff recieved one plate in his chin to repair on of his jaw fractures. To repair the other fracture Plaintiff's jaw was wired shut using "Arch Bars," screws, and wires. The Arch Bars were drilled into Plaintiff's gums and served as a frame for wires to wrap around. (see Exhibit A)(PHOTO)

14. After the surgery Plaintiff was housed in the medical infirmary at SCI-Dallas and was to remain there until the removal of Arch Bars and wiring.
(continued)

(Continued) Attachment For "IV.D" "Page 5 of 11"

15. Plaintiff was given Tylenol for pain which defendant Dr. Scott Prince ordered. Knowing Plaintiff has a Tylenol allergy on record. Plaintiff was also given antibiotics and placed on a liquid diet.

16. November 1, 2017 Plaintiff returned to Geisinger Wyoming Valley Medical Center and recieved an X-ray. The x-ray results revealed Plaintiff's jaw was completly healed. Surgeon Kirk Hughes Johnson did not remove the Arch Bars but stated he would do so after one week.

17. November 2, 2017 Plaintiff was examined by defendants Dr. Scott Prince, and Leah Martin. After defendants examined Plaintiff's mouth and jaw, defendants cleared Plaintiff to return to housing unit "J."

18. After being released from the medical infirmary Plaintiff noticed that his gums looked as if they were becoming infected.

19. Plaintiff attempted to seek medical treatment by writing defendants Dr. Scott Prince and Deputy Superintendant Miller via

(continued)

(continued) Attachment For "IV. D" "Page 5 of 11"

"Inmates Request to Staff Member." From here on after "Inmates Request to Staff Member" will be referred to as a Request Slip. (See Exhibits "B" and "C")

20. A request slip is used to correspond between inmates and PA D.O.C staff members at SCI-Dallas

21. Plaintiff sent a request slip dated December 12, 2017. In the request slip Plaintiff explained to defendants Dr. Scott Prince and George Miller of possible gum infection and inquired about the removal of Arch Bars

22. December 18, 2017 defendant Leah Martin responded to Plaintiffs request slip after it was forwarded to her. She wrote in part, "Dr. Prince reviewed your last visit from the outside provider, he was under the impression they removed the braces." (see Exhibit "D")

23. Plaintiff believes that defendant Leah Martin's response shows poor medical record keeping by SCI-Dallas staff. Plaintiff also believes defendant's response shows deliberate

(continued)

(continued) Attachment For "IV. D" "Page 5 of 11"

Indifference since after defendants now knew
of Plaintiff's need for medical treatment yet
defendants failed to act in a timely manner
to avoid further significant injury.

24. December 19, 2017 Plaintiff was
examined by defendant Dipti Amin. During the
examination defendant Amin stated she would
refer Plaintiff to be seen by a surgeon
immediately.

25. Plaintiff continued to have excrusiating
pain in his gums and jaw from the Arch Bars.
The screws in Plaintiff's gums became loose
causing food to get stuck in the holes and it
was painful to remove debris.

26. Plaintiff submitted several sick
call slips to the medical department which
went unanswered.

27. On January 17, 2018 after Plaintiff's
medical needs were continously ignored, Plaintiff
sought help using the PA D.O.C grievance
system at SCI-Dallas. Plaintiff explained

(continued)

(continued) Attachment For "IV. D" "Page 5 of 11"

his pain, asked for immediate removal of the Arch bars which were still on Plaintiff's gums, and asked for other relief, such as a monetary settlement.

28. January 19, 2018 Plaintiff's grievance was rejected. January 28, 2018 Plaintiff appealed the decision to defendant Lawrence P. Mahally. February 12, 2018 defendant Lawrence P. Mahally denied Plaintiff's appeal. Plaintiff's final appeal was to Secretary's Office of Inmate Grievances and Appeals, Pennslyvania Department of Corrections, 1920 Technology Parkway, Mechanicsburg PA 17050 whom also denied Plaintiff's appeal. (See Exhibits "E", "F", "G") and ("G2")

29. February 1, 2018 Plaintiff sent a request slip to defendant Dipti Amin asking if she referred Plaintiff to be seen by a surgeon as she stated she would. (see Exhibit "H")

30. February 7, 2018 defendant Dipti Amin responded to Plaintiff's request slip writing, "I did follow-up and you have been scheduled for oral surgeon." (see Exhibit "H")

(continued)

(continued) Attachment For "IV.D" "Page 5 OF 11"

31. February 23, 2018 Plaintiff recieved a misconduct report written by defendant C.O. Owen for "Possession or Use of a Dangerous or Controlled Substance" and "Violation of Visiting Regulation." (see Exhibit "I")

32. Plaintiff believes he was retaliated against for the filing of grievances. Plaintiff believes this to be true because of the timing of the misconduct, and because there was no evidence to support the claims against Plaintiff.

33. March 26, 2018 Plaintiff had a hearing for the misconduct report. Plaintiff pled not guilty to all charges. Plaintiff explained to defendant Charlie McKeown, whom was the hearing examiner, that he was being retaliated against for filing grievances, and asked defendant McKeown to investigate the retaliation. Plaintiff also wrote of the retaliation, lack of evidence, and asked for an investigation in his

(continued)

(continued) Attachment For "IV. D" "Page 5 OF 11"

"Inmate Version" which defendant read prior to the hearing. Defendant McKeown refused to investigate the retaliation.

34. March 26, 2018 defendant McKeown spoke privately with defendant C.O. Owen and found Plaintiff guilty of all charges in the misconduct report even though there was no evidence.

35. Plaintiff was given a sanction of 90 days in diciplinary segregation.

36. Plaintiff fully completed appeal process for the misconduct report. Plaintiff's appeals were denied on all levels. (Exhibit JK)

37. Plaintiff spent approx. 90 days in diciplinary segregation for the manufactured misconduct. As a result Plaintiff experienced mental anguish, depression, stress, anxiety, and humiliation.

38. Plaintiff did not have surgery to remove Arch Bars until March 5, 2018.

(Continued)

(continued) Attachment For "IV. D" Page 5 of 11"

39. During the approx 140 day delay of medical treatment, Plaintiff experienced consistant excrusiating pain, unnecessary suffering, mental anguish, mental despair, and humiliation. Pain presently and currently exists. Plaintiff has permenant scaring on his gums at the location where had had the screws from the Arch Bars.

40. Plaintiff submitted a dental sick call slip for pain while in diciplinary segregation.

41. May 15, 2018 Plaintiff was examined by defendant Dipti Amin. Defendant Amin noted Plaintiff's gums were inflamed and ordered a SCI-Dallas staff member to take photos to be added to Plaintiff's medical files.

42. May 15, 2018 Plaintiff submitted a grievance to ensure photos were added to his files and wrote that the timely removal of Arch Bars would have prevented

(continued)

(continued) Attachment FoR "IV. D" "Page 5 oF 11"

further and unnecessary injuries (Exhibit L)

43. On June 4, 2018 Plaintiff's grievance was answered and denied by defendant Leah Martin. Plaintiff appealed the decision and was again denied by defendant Lawrence P. Mahally on June 20, 2018.

44. Further documents which are relevant to support Plaintiff's claims can be obtained through discovery. Some documents which Plaintiff once possessed were lost or confiscated during multiple cell searches and being placed in diciplinary Segregation. Plaintiff also filed grievances asking for the return of said documents.

45. Defendants Leah Martin, Dr. Scott Prince, George Miller, and Dipti Amin were aware of Plaintiff's medical needs by way of request slips, sick call slips, dental "follow-ups," and grievances yet were deliberate indifferent to those needs when they delayed surgery

(continued)

(continued) Attachment For "Ev. D" "Page 5 of 11"

for approx. 140 days. The delay and need
for removal of screws from Plaintiff's
gums are obvious to a lay person and
constitutes medical malpractice. Defendant
Mahally knew of Plaintiff's medical needs
after Plaintiff filed several grievances
in which he and defendant Leah Martin
denied. Defendant Kirk Hughes Johnson
should have known of Plaintiffs need
for medical treatment since he has
experience, performed Plaintiff's initial
surgery and stated he would remove the
arch bars one week after November 1, 2017.

Attachment
For

"V." "Page 5 of 11"

Attachment For "V."  "Page 5 of 11"

Plaintiff sustained multiple jaw fractures which required multiple surgeries. Plaintiff had a plate surgically implanted in his chin to repair one of the jaw fractures. To repair the additional fracture Plaintiff's jaw was wired shut using "Arch Bars" which required screws to be drilled into Plaintiff's gums, as well as wiring and other hardware used to keep jaw shut. Plaintiff underwent a second surgery to remove Arch Bars (screws, metal braces, ect.). A plate remains in Plaintiff's chin. Plaintiff presently has pain, mental anguish, and mental despair. Plaintiff had his final surgery after a delay of approx. 140days which forced Plaintiff to go through excrusiating pain during and after the prolonged period of time.

Attachment
FoR
"VI." (Relief)   "Page 5 of 11"

Attachment For "VI." (Relief) "Page 5 of 11"

WHEREFORE, Plaintiff respectfully pray that this court enter judgement:

1. Granting Plaintiff a declaration that the acts and omissions described herein violates his rights under the Constitution and laws under the United States, and

2. A preliminary and permanent injunction ordering defendants not to retaliate against Plaintiff, and

3. Granting Plaintiff compensatory damages in the amount of $195,000.00 against each defendant jointly and severally,

4. Granting Plaintiff punitive damages in the amount of $195,000.00 against each defendant jointly and severally,

5. Plaintiff also seeks jury trial on all issues triable by jury,

6. Plaintiff also seeks recovery of his costs in this suit, and

(continued)

(continued) Attachment For "VI." (Relief) "Page 5 of 11"

   7. Any additional relief this court
deems just, proper, and equitable.
   8. Plaintiff seeks this relief since
Plaintiffs rights were violated and Plaintiff
sustained physical injuries, mental injuries,
and emotional injuries while in the care
and custody of the defendants at State
Correctional Institution Dallas.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

State Correctional Institution Dallas   "SCI-Dallas"

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Deliberate Indifference, delay and lack of treatment.
False medical records, monetary settlement
(See Exhibits E, G, L)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

State Correctional Institution Dallas

2.    What did you claim in your grievance?

Need for medical treatment, delay/lack of medical treatment, injuries, and asked for a monetary settlement. In an additional grievance Plaintiff asked for photos. (Ex E,G,L)

3.    What was the result, if any?

Grievance denied/Rejected   (See Exhibits F,G2, M, N)

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

See Attached

Attachment
FOR
"VII:" "E4" "Page 7 OF 11"

Attachment For "VII" "E4"  "Page 7 of 11"

Plaintiff appealed to Facility Manager
(defendant Lawrence P. Mahally). Appeal was denied
and Plaintiff appealed to the highest level which
was denied as well. Plaintiff exhausted all
administrative remedies. Plaintiff later filed an
additional grievance which was denied/rejected.
Plaintiff fully completed the appeal process for the
additional grievance as well.
(see Exhibits G, G2)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

See Attached

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Attachment
For
VII. G   Page 8 of 11

Attachment For "VII.G" "Page 8 of 11"


Plaintiff submitted request slips to defendants George Miller and Dr. Scott Prince explaining injuries and delay of medical treatment. Defendant Miller forwarded request slip to defendant Leah Martin. Plaintiff submitted a request slip to defendant Dipti Amin inquiring about surgery. Plaintiff also appealed misconduct report to the highest to complete exhaustion of his administrative remedies. (See Exhibits A through N)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s) _____
    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    _____

3.  Docket or index number
    _____

4.  Name of Judge assigned to your case
    _____

5.  Approximate date of filing lawsuit
    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*
    _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _August 20, 2019_

Signature of Plaintiff   _Daysean Henderson_
Printed Name of Plaintiff   _Daysean  M.  Henderson_
Prison Identification #   _MQ- 9339_
Prison Address   _1000  Follies  Road_
_Dallas_                    _PA_      _18612_
City                     State      Zip Code

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Address   _____
_____
City                     State      Zip Code
Telephone Number   _____
E-mail Address   _____

## Certificate of Merit

Certificate of Merit as to defendant
Leah Martin

   I, Daysean M. Henderson, certify that:
expert testimony of an appropriate licensed
professional is unnecessary for a prosecution
of the claim against this defendant

August 20, 2019

Daysean M. Henderson

Daysean Henderson

MQ-9339
SCI-Dallas
1000 Follies Rd.
Dallas, PA, 18612

## Certificate of Merit

Certificate of Merit as to defendant
Kirk Hughes Johnson

   I, Daysean M. Henderson, certify that:
expert testimony of an appropriate licensed
professional is unnecessary for a prosecution
of the claim against this defendant

August 20, 2019                    Daysean M. Henderson

                                   Daysean Henderson

                                        MQ-9339
                                      SCI -Dallas
                                   1000 Follies Rd.
                                   Dallas, PA, 18612

# Certificate of Merit

Certificate of Merit as to defendant Dipti Amin

I, Daysean M. Henderson, certify that: expert testimony of an appropriate licensed professional is unnecessary for a prosecution of the claim against this defendant

August 20, 2019

Daysean M. Henderson
Daysean Henderson
MQ-9339
SCI-Dallas
1000 Follies Rd.
Dallas, PA, 18612

<u>Certificate of Merit</u>

Certificate of Merit as to Dr. Scott Prince

I, Daysean M. Henderson, certify that:
expert testimony of an appropriate licensed
professional is unnecessary for prosecution
of the claim against this defendant

August 20, 2019        Daysean M. Henderson
                       _Daysean Henderson_
                       MQ-9339
                       1000 Follies Rd.
                       Dallas, PA, 18612
                       SCI-Dallas

Daysean Henderson
MQ 9339
SCI-Dallas
1000 Follies Road.
Dallas, PA, 18612

RECEIVED
SCRANTON

AUG 22 2019

PER _____
DEPUTY CLERK



For Domestic and International Use        Label 107R, May 2014

Offic
United State
Middle Dis
William J. Neald
235
P
Scra



USPS TRACKING #

9114 9023 0722 4050 4403 15