# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAYSEAN HENDERSON,** | : | Civil No. 1:19-CV-1468 |
| | : | |
| Plaintiff | : | (Chief Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **LAWRENCE MAHALLY, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

### I. Factual Background

There is a motion for summary judgment pending in the prisoner civil rights case. (Doc. 60). The inmate-plaintiff, in turn, has filed a motion for extension of time in which to complete discovery. (Doc. 63). Upon consideration of these matters, given the pending and potentially dispositive motion filed in this case, for the reasons set forth below we will DENY the motion for extension of the discovery deadlines, (Doc. 63), without prejudice, and STAY further discovery pending resolution of the motion for summary judgment.

### II. Discussion

Several basic guiding principles inform our resolution of the instant discovery issues. At the outset, rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Thus, it

has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the timing and scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.'" Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (quoting Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973) (citation omitted)).

This discretion is guided, however, by certain basic principles. One of these cardinal principles governing the exercise of discretion in this field is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: parties who file motions that may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense, and burden of factual discovery for

themselves and others until after these claimed legal defenses are addressed by the court.

In such instances, it is clearly established that:

"[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

In this case there is a pending, and potentially dispositive motion before the court. Given this pending motion, in the exercise of our discretion we will stay discovery, and deny the plaintiff's motion for extension of the discovery deadline. However, we take this action without prejudice to the plaintiff seeking further discovery if necessary once the summary judgment motion has been resolved

An appropriate order follows. DENY the motion for extension of the discovery deadlines, (Doc. 63), without prejudice, and STAY further discovery pending resolution of the motion for summary judgment.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAYSEAN HENDERSON,** | : | Civil No. 1:19-CV-1468 |
| Plaintiff | : | **(Chief Judge Jones)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **LAWRENCE MAHALLY, et al.,** | : | |
| Defendants | : | |

# **ORDER**

AND NOW, this 6th day of July 2021, in accordance with the accompanying Memorandum and given the pending and potentially dispositive motion filed in this case, IT IS ORDERED that we will DENY the motion for extension of the discovery deadlines, (Doc. 63), without prejudice, and STAY further discovery pending resolution of the motion for summary judgment. The plaintiff may renew this motion, if necessary, once there has been a ruling on the pending motion for summary judgment.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
